The next case on our call is agenda number 17, number 130316. Mike Antiveroz-Abli v. Chaudhry-Khokhar et al., Appellants. Now this will be a one-sided argument by the appellant. My understanding is that you will have 20 minutes to argue this, your position, and if you're prepared, you may begin. I'm sorry. I'm sorry. I'm told by our timekeeper that the amount is 15 minutes, not 20, and I think the idea is that you don't have to reply. So at this point it will be 15 minutes, and you'll be watching the red button. Thank you. Good morning, Your Honors. May it please the Court, Sean Conway. I'm joined today by Mary Dixon and Patrick Bond. We are special assistant DuPage County State's attorneys. We represent the DuPage County clerk in this matter, Gene Kaczmarek. We're here today to request that this Court reaffirm its longstanding and consistent interpretation of Section 2320 of the Illinois Election Code, finding that a verified petition is required to be filed within the 30-day time period limitation set forth in the statute. In direct conflict with this Court's established precedent, the appellate court determined that under Section 2320, a verified petition is not required to be filed within the 30-day time frame. This Court should reject the appellate court's determination in this regard for three reasons. First, it's contrary to this Court's established precedent. Second, it's contrary to the plain language of the statute. And third, it's contrary to the intent and purpose of Section 2320. Turning to this Court's precedent, since 1913, this Court in Doherty has held that the verification requirement in Section 2320 and its predecessor is a jurisdictional requirement, and the failure to follow that requirement results in dismissal of the election contest matter for lack of the trial court's jurisdiction. Most pertinent to our case today is the Doherty case. In Doherty, an election contest petition was filed and a verification was not included with the election contest petition. There was an effort beyond the 30-day time limitation to amend the petition. Counsel, what year was Doherty decided? Doherty, Your Honor, was decided in 1959. So in Doherty, there was an effort to amend the petition beyond the 30-day time frame. That request was denied by the trial court. This Court upheld the denial. This Court also upheld the dismissal of the election contest matter for lack of jurisdiction for failure to file a timely verification. In this case, Mr. Arnaveros did file his petition within 30 days. Why was it not in compliance with this 23, what is it, 10 or 2320? Yes, Your Honor, so the petition was filed within the 30-day limitation period. However, it was not verified. When you say it was not verified, what do you mean? There was no verification. For example, the Illinois Code of Civil Procedure, Section 1-109, provides for the procedure to verify civil complaints, petitions in civil cases. Didn't he file an amendment and didn't he ask the circuit court to permit him to amend his petition and the motion was granted? Yes, Your Honor, he did. And it's our view that the circuit court was without jurisdiction to grant that amendment, just as this Court determined in the Doling case. What's the purpose of the verification counsel? Why does the statute require verification? There's really two purposes, Your Honor. The first, and this was announced by this Court in Doling, is that the verification requirement is jurisdictional in nature because the legislature is looking for finality and certainty and stability in elections. Okay, and what's the other purpose? The other purpose, Your Honor, is when a verification is tendered in a civil case, a verification is swearing all of the statements and allegations set forth therein to be the truth, and in particular, under the penalty of perjury. A verified complaint is different from an ordinary complaint. Do you agree? Yes, Your Honor. So if you file a verified complaint, you put the other party on notice that you're filing a verified complaint other than just an ordinary complaint. So isn't that one of the purposes of verification? Absolutely, absolutely. So in this case, by the complaint being identified and filed as a verified complaint, wouldn't the other party be notified that this is a verified complaint? Well, Judge, in this case, a verification was not, in fact, filed within the 30-day time frame. The documents, but the complaint was styled as a verified complaint, was it not? Yes, Your Honor, yes. The clerk's view is that even though the style is a verified complaint, it was not, in fact, verified within the 30-day limitation. One of the purposes of requiring verification is so to get these election cases resolved more quickly and move things along so that they're not outstanding indefinitely because sometimes time is of the essence, right? Absolutely. And in this case, by having the verification filed, I think, five days later, was there any delay to the case or anything of that nature that the verification by filing the verification documents later, did it cause any delay to the case? Judge, it didn't necessarily cause any particular delay. The clerk's view on this is that the verification itself is a jurisdictional requirement that this court has previously determined. One of the issues in this case is that Petitioner contended that these verifications were actually made prior to the 30-day filing period. Well, if you take the attorney's statements as true, and as an officer of the court, I assume they're true, the lack of filing of the verification documents was due to some kind of technical glitch. So I would assume in that case that the content or substance of the verification documents were obtained prior to the 30 days or prior to the filing, which is the purpose of this, as you just said, right? Yes, Your Honor, but what I will note is in Section 2320, there is no express relief for filing a late verification. It's very similar to the Illinois Supreme Court rules that relate to a notice of appeal. Just because a notice of appeal is completely filled out, it's signed, it's ready to go, if it's not filed within the 30-day time frame, there is no jurisdiction. This is very similar to that, and that's because the Illinois legislature has determined that election cases are very unique. They are to be expedited. In fact, in Section 2323 of the Election Code, they take precedence over all other civil cases in terms of hearing. So that is why there is a strict verification and time requirement built into the statute. Were there any other defects in the petition? Judge, there were. We did file the motions to dismiss based on the sufficiency of pleading. I will say that the verification requirement was clearly not met here. I don't think that this Court will need to address the other jurisdictional grounds that we raised due to the verification issue.  In the event that we've determined that the filing of the verification not contemporaneously, if we found that that met the statute, when we look at the other allegations that need to be met in order to proceed, it appears that the first is that the petitioner voted at the election and that he believes a mistake or fraud has been committed in specified precincts in the county or returned to the vote, or that there was some other specified irregularity in the conduct of the election. Specifically, what action of the circuit clerk was alleged to have been wrong in his complaint? Judge, the petitioner in the election contest case raised a whole host of various irregularities. Again, we filed a motion for judgment on the pleadings and then filed a subsequent motion to dismiss. Essentially, our argument was there wasn't sufficient facts pled, either, number one, to establish any of the irregularities that were set forth in the petition, or that the petitioner didn't even identify any irregularity, or that the petitioner, with a number of the various irregularities, made no allegation that the irregularities would likely result in a change in the result of the election. The trial court did grant or did dismiss the original petition. The petition was amended. The trial court dismissed that as well. We raised the jurisdictional issue because we discovered that there was, in fact, no verification filed with the original petition. If we were to affirm, what happens next? If you were to affirm, Your Honor, this case would go back to the trial court. It is in the pleading stage. We are months away from the end of the term of this particular office. It doesn't change the fact that it would go back to the trial court. And then we would, again, we would have to resolve these irregularities that are alleged in the complaint. The trial court may or may not order a recount. And at this stage, I don't know if the petitioner in the election contest petition has any favor of going forward on the petition due to we're almost up in the term of this particular office. Your Honors, there is another issue that was raised by the appellate court in a footnote that I would like to address because I do think it has significance not only for this case, but for future cases. The appellate court did question whether election contest proceedings remain special statutory proceedings in light of Belleville-Toyota. We are requesting that this court resolve that question so that there is not future confusion for future election contest matters which may be filed as soon as this November. The clerk's position on this is that when the clerk certifies the election results, counts the ballots, the clerk's role in that is an administrative role. And when somebody files an election contest case at its core, it's seeking review of administrative action. And so we would like this court to determine once and for all because this court has not passed on that issue. We would like this court to determine that an election contest is in the vein of an electoral board proceeding or an agency proceeding that's subject to administrative review law and that it falls within the limited exception to the trial court's general jurisdiction. To conclude, Your Honors, just for the sake of this case, but certainly for the sake of future election contests, we request that this court reaffirm its consistent precedent holding that a verified petition is required to be filed within the 30-day limitation period. We request that this court reverse the appellate court's decision. We request that this court affirm the trial court's decision dismissing this matter for wanted jurisdiction. Thank you very much for all of your time. Thank you, Counsel. This case, Agenda 17, Number 130316, Mike Antoveros v. Chaudhry-Kochar, will be taken under advisory.